UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                  Chapter 7

Raymond A. Townsend,                                                    Case No. 15-43411-cec

                              Debtor(s).
-------------------------------------------------------------x

Geralyn Ganci,
                                                                         Adv. Pro. No. 15-01164-cec
                              Plaintiff,

      -against-

Raymond A. Townsend,

                              Defendant.
-------------------------------------------------------------x

## DECISION ON MOTION FOR SUMMARY JUDGMENT

### APPEARANCES

| | |
|---|---|
| Brian A. Lacoff, Esq. | Edward L. Schnitzer, Esq. |
| Stagg, Terenzi, Confusione & Wabnik, LLP | Joseph Orbach, Esq. |
| 401 Franklin Avenue | Hahn & Hessen, LLP |
| Suite 300 | 488 Madison Avenue |
| Garden City, New York 11530 | New York, New York 10022 |
| *Counsel for Geralyn Ganci, Plaintiff* | *Counsel for Raymond A. Townsend, Defendant* |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the court on the motion of Geralyn Ganci ("Plaintiff") for summary judgment holding the debt owed to Plaintiff by Raymond A. Townsend ("Debtor" or "Defendant") non-dischargeable pursuant to § 523(a)(6) of the Bankruptcy Code.[1] Debtor's obligation to Plaintiff results from a judgment entered after a jury trial in the United States District Court for the Easter District of New York in favor of Plaintiff, in the amount of $450,000.00 plus costs and attorney fees, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and the New York Human Rights Law (the "NYSHRL"). The jury found that Defendant had subjected Plaintiff to offensive acts or statements about sex that created a hostile and abusive work environment resulting in the constructive termination of Plaintiff in violation of state and federal law. Plaintiff argues that the judgment constitutes a non-dischargeable debt for willful and malicious injury by Defendant. Because the jury's findings establish the elements of non-dischargeability under § 523(a)(6), Plaintiff's motion for summary judgment is granted.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I) and (O). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

On July 27, 2015 (the "Filing Date"), Defendant filed a voluntary petition under chapter 7 of the Bankruptcy Code. Prior to the Filing Date, Defendant was employed at U.S. Limousine

---

[1] Unless otherwise noted, all statutory citations are to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

1

Service, Ltd. ("U.S. Limo"). (Debtor's Statement Pursuant to Local Rule 7056-1 ¶ 1, ECF No. 15 (hereinafter "Def.'s Facts"); Geralyn Ganci's Statement of Undisputed Facts ¶¶ 1, ECF No. 11-1 (hereinafter "Pl.'s Facts).)[2] Plaintiff also worked for U.S. Limo, and Defendant was her supervisor. (Def.'s Facts ¶ 1, ECF No. 15; Pl.'s Facts ¶ 1, ECF No. 11-1; Compl. Ex. B ¶ 8, ECF No. 1-4 (hereinafter "Verdict Sheet").) On or about July 1, 2010, Plaintiff commenced an action in the United States District Court for the Eastern District of New York alleging causes of action against Defendant for sexual harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, hostile work environment, and retaliation (the "District Court Action"). (Def.'s Facts ¶¶ 2-4, ECF No. 15; Pl.'s Facts ¶¶ 2-4, ECF No. 11-1.) Plaintiff asserts that Defendant was found liable for sexual harassment after a jury trial. (Pl.'s Facts ¶¶ 5-6, ECF No. 11-1.) Defendant disputes the Plaintiff's characterization of the jury verdict. (Def.'s Facts ¶ 6, ECF No. 15.) On April 8, 2015, a judgment was entered based on the jury verdict against Defendant and U.S. Limo for $450,000.00 plus $100,000.00 in punitive damages against U.S. Limo (the "Judgment"). (Def.'s Facts ¶ 9, ECF No. 15; Pl.'s Facts ¶ 9, ECF No. 11-1; Mot. for Sum. J. Ex. C, ECF No. 11-5 (hereinafter "District Ct. J.").) Plaintiff was also awarded approximately $170,000.00 in attorneys' fees and costs in the Judgment. (Def.'s Facts ¶ 9, ECF No. 11-1, ECF No. 15; Pl.'s Facts ¶ 9, ECF No. 11-1; District Ct. J, ECF No. 11-5.)

On the Verdict Sheet, the jury answered a series of questions regarding the claims at issue in the District Court Action. (Verdict Sheet, ECF No. 1-4.) In the verdict, the jury found that Plaintiff had proved the following facts relevant to this adversary proceeding by a preponderance of the evidence:

1. Defendant subjected Plaintiff to offensive acts or statements about sex;
2. Plaintiff did not welcome the offensive acts or statements, which means that Plaintiff did not directly or indirectly invite or solicit them by her own acts or statements;

---

[2] All references to "ECF No." refer to the docket in this adversary proceeding, Adv. Pro. No. 15-01164.

3. The offensive acts or statements were so severe or pervasive that they materially altered the terms and conditions of Plaintiff's employment;
4. A reasonable person – not someone overly sensitive – would have found that the offensive acts or statements were so severe or pervasive that they materially altered the terms and conditions of Plaintiff's employment, which means that a reasonable person would have found the working conditions hostile and abusive;
5. Plaintiff subjectively believed that the offensive acts or statements were so severe or pervasive that they materially altered the terms and conditions of her employment, which means that she believed her working environment was hostile or abusive;
6. Plaintiff was constructively discharged; and
7. Defendant was Plaintiff's supervisor at U.S. Limo.

(Id.) Defendant does not challenge the jury verdict. (Hr'g Tr. 13:5-9, Apr. 21, 2016, ECF No. 20.)

On September 18, 2015, Plaintiff commenced an adversary proceeding in this Court seeking a determination that the Judgment is non-dischargeable pursuant to § 523(a)(6). (Compl., ECF No. 1.) Defendant filed an answer on October 19, 2015. (Answer, ECF No. 4.) On February 26, 2016, Plaintiff filed a motion for summary judgment (the "Summary Judgment Motion") arguing that the factual findings set forth in the Verdict Sheet establish the elements necessary to prove non-dischargeability under § 523(a)(6), and that Defendant is collaterally estopped from challenging these findings. (Mot. for Sum. J., ECF No. 11.) Defendant filed opposition to the Summary Judgment Motion on March 18, 2016 (the "Opposition") arguing that the jury's findings were insufficient to establish the elements of willfulness and malice under § 523(a)(6). (Def.'s Facts, ECF No. 15; Decl., ECF No. 16; Obj., ECF No. 17.) Plaintiff filed a reply to the Opposition (the "Reply") (Reply, ECF No. 18.), and Defendant filed a sur-reply in further opposition (Sur-Reply, ECF No. 19). On April 21, 2016, a hearing was held on the Summary Judgment Motion and the Court reserved decision.

## DISCUSSION

Section 523(a)(6) exempts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Plaintiff

argues that because of the factual findings set forth in the Verdict Sheet, which were the basis for the Judgment, issue preclusion prevents Defendant from contesting the willful and malicious nature of the injury he caused, and that summary judgment is therefore appropriate in this case.

A.   Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling upon a summary judgment motion, the Court's job is not to resolve disputed issues of fact, but to determine whether a genuine issue of fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "When viewing the evidence, the court must 'assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir.2000) (citing Delaware & Hudson Railway Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir.1990)), cert. denied, 540 U.S. 811, 124 S.Ct. 53, 157 L.Ed.2d 24 (2003). "The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory statements." Rosenman & Colin LLP v. Jarrell (In re Jarrell), 251 B.R. 448, 450–51 (Bankr. S.D.N.Y. 2000) (citations omitted).

B.   Issue Preclusion

Issue preclusion, also known as collateral estoppel, may be applied in actions to determine the dischargeability of a debt. Rocco v. Goldberg (In re Goldberg), 487 B.R. 112, 121 (Bankr. E.D.N.Y. 2013) (citing Grogan v. Garner, 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). As the Judgment was issued by the United States District Court for the Eastern District of

New York, federal rules of issue preclusion apply. Issue preclusion prevents parties and their privies from re-litigating an issue determined in a prior proceeding. Issue preclusion applies when:

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

N.L.R.B. v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir. 1999); see also Restatement (Second) of Judgments § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.").

Thus, to prevail on summary judgment, Plaintiff first must show that issues determined in the District Court Action are identical to the issues in this action; that is, that facts required to be found to establish Defendant's liability in the District Court Action are sufficient to support a finding of non-dischargeability under § 523(a)(6). Second, Plaintiff must show that these issues were actually litigated and decided. Third, Plaintiff must show that Defendant had a full and fair opportunity to litigate the issues. Finally, Plaintiff must show that the Judgment was based on findings sufficient to support a finding of non-dischargeability.

The issues in the District Court Action were fully litigated and decided. The District Court Action went to trial, a verdict was rendered by the jury, and a judgment was entered. Defendant had a full and fair opportunity to litigate the issues as he participated in the District Court Action and was represented by counsel. (Def.'s Facts ¶ 5; Pl.'s Facts ¶ 5; Docket, Case No. 10-cv-03027.) The Judgment in the District Court Action was supported by a special verdict specifying the factual findings of the jury. As a result, the Plaintiff has shown that the issues previously litigated were necessary to the Judgment. Defendant, however, argues that the jury's findings are insufficient to

establish the elements necessary to support a determination of non-dischargeability. (Tr. 8:16-9:20.) This is a question of law that may be resolved on a motion for summary judgment.

C.     Non-Dischargeability Under § 523(a)(6)

Section 523(a)(6) provides for the non-dischargeability of any debt that results from a "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The burden is on Plaintiff to establish that the injury was both willful and malicious by a preponderance of the evidence. Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006).

   *1. Willfulness*

To establish willfulness, a party objecting to dischargeability under § 523(a)(6) must show that the defendant caused an intentional or deliberate injury. Kawaauhau v. Geiger, 523 U.S. 57, 61-62, 118 S. Ct. 974, 977, 140 L. Ed. 2d 90 (1998); Goldberg, 487 B.R. at 127. It is not sufficient to show that the defendant consciously performed an act that resulted in injury. Goldberg, 487 B.R. at 127. Rather, the defendant must have intended the injury. Kawaauhua, 523 U.S. at 61-62; Goldberg, 487 B.R. at 127.

The claim that forms the basis of Defendant's liability in the District Court Action is creation of a hostile work environment under Title VII and the NYSHRL. To prevail on a claim of a hostile work environment, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 20 (2d Cir. 2014) (internal quotations omitted). This standard applies to federal claims under Title VII and state law claims under the NYSHRL. Id. and n.4. This standard lacks any requirement that the abuse be specifically directed at the victim. As a result, a finding that a defendant has created a hostile work environment does

not per se lead to a finding of willfulness. See Goldberg, 487 B.R. at 127 (finding no explicit intent requirement under the NYSHRL).

The jury's factual findings, however, establish that Defendant directly subjected Plaintiff to offensive acts or statements about sex. The jury further found that the Plaintiff did not directly or indirectly invite or solicit such statements. "[E]xposure to unwelcome sexual conduct, like an advancing of one's prurient interests to the point of harassment, is the injury that a sexual harassment victim suffers. . . ." Basile v. Spangola (In re Spagnola), 473 B.R. 518, 523 (Bankr. S.D.N.Y. 2012). Further, "where an employer's deliberate conduct is found to constitute unlawful discrimination against an individual employee, it necessarily follows that such intent was for the purpose of causing injury." Goldberg, 487 B.R. at 127. Where, as in this case, the discriminatory conduct is sexual harassment specifically directed at the victim, and it has been found that the victim did not directly or indirectly invite or solicit such conduct, these facts are sufficient to establish that the defendant acted with the intent to cause the injury. Therefore, the factual findings from the District Court Action are sufficient to show that Defendant acted willfully with respect to Plaintiff's injury.

### 2. *Maliciousness*

As used in § 523(a)(6), "'malicious' means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." Navistar Fin. Corp. v. Stelluti (In re Stelluti), 94 F.3d 84, 87-88 (2d Cir. 1996) "Malice may be constructive or implied." Id. at 88 "Implied malice may be demonstrated by the acts and conduct of the debtor in the context of [the] surrounding circumstances." Id. Malice is implied when "anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." Citibank, N.A. v. Friedenberg (In re Friedenberg), 12 B.R. 901, 905 (Bankr. S.D.N.Y. July 29, 1981).

In Spagnola, Chief Judge Cecelia Morris, rejecting a defendant's claim that issues of fact regarding intent and malice under § 523(a)(6) remained notwithstanding a jury's finding of sexual harassment, held that "[s]exual harassment is not only illegal, but so morally reprehensible and degrading to one's personal dignity that the harasser's conduct cannot possibly be considered anything other than 'wrongful and without just cause or excuse.'" Spagnola, 473 B.R. at 524. This Court agrees with Judge Morris. Moreover, in this case, the wrongfulness of Defendant's conduct, and the absence of just cause or excuse, is established by the jury's factual findings. The jury found that the offensive acts or statements by Defendant objectively created a hostile work environment, that Plaintiff subjectively perceived them so, and that a reasonable person would have found such working conditions hostile and abusive. (Verdict Sheet ¶¶ 3-5, ECF No. 1-4.) The jury also found that Plaintiff "did not welcome the offensive acts or statements, which means that [she] did not directly or indirectly invite or solicit them by her own acts or statements." (Id. ¶ 2.)

In evaluating whether Defendant's conduct justifies a finding of malice under § 523(a)(6), it is appropriate to hold him to the standard of a reasonable person. See Friedenberg, 12 B.R. at 905 (holding that malice is implied when a person of reasonable intelligence would know the act is "contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another"). As such, Defendant knew or should have known that his acts or statements created a hostile or abusive working environment. Further, as Plaintiff did nothing directly or indirectly to invite or solicit the acts and statements, Defendant also knew or should have known that such statements were unwelcome. Any subjective idea that Defendant may have entertained that his acts or statements were welcome was unreasonable, and therefore cannot constitute "just cause or excuse" for his wrongful conduct.

To establish a claim of hostile work environment, a plaintiff must show that the work environment is "permeated" with acts of discrimination that are "severe" or "pervasive." <u>Rivera</u>, 743 F.3d at 20. Thus, essential to the jury's findings was the conclusion that Defendant had subjected Plaintiff to "severe" or "pervasive" harassment. This finding, together with the finding that Defendant's offensive acts objectively created a hostile work environment and that Plaintiff did not directly or indirectly invite or solicit them, is sufficient to establish that Defendant's actions were "wrongful and without just cause or excuse." <u>Navistar</u>, 94 F.3d at 87.

When evaluating a motion for summary judgment, the court is required to "draw all *reasonable* inferences in [the non-movant's] favor." <u>Weinstock,</u> 224 F.3d at 41 (emphasis added). Based on the jury's findings in the District Court Action, no inference can be drawn that Defendant reasonably believed Plaintiff welcomed his acts or statements, or reasonably believed that his actions did not create a hostile work environment for Plaintiff. As a result, the factual findings in the District Court Action are sufficient to show that Defendant's conduct was malicious: he subjected Plaintiff to severe or pervasive sexual harassment and his wrongful behavior was "without just cause or excuse."

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted. A separate order will issue.

**Dated: Brooklyn, New York**
**May 16, 2016**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**